UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **DALE DAKOTA WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:12-cv-85 SNLJ |
| ) | |
| **DUCKETT TRUCK CENTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel, #4, filed May 24, 2012. The motion will be denied without prejudice.

Title VII provides that a court may appoint counsel to represent a plaintiff under "such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1); *Maxwell v. Express Scripts, Inc.*, No. 4:11cv1315 CDP, 2012 WL 996651, *7 (E.D. Mo. March 22, 2012). A civil litigant has no constitutional or statutory right to court-appointed counsel, and the decision whether to appoint counsel is within the Court's discretion. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir.1984); *In re Steven Lane*, 801 F.2d 1040, 1042-44 (8th Cir.1986). In making its determination, the Court considers whether:

> (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel.

*Maxwell*, 2012 WL 996651 at *7; *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir.1984); *Nelson*, 728 F.2d at 1005.

After reviewing the above factors, the Court finds that the appointment of counsel is not warranted at this time. This case does not appear to be so factually or legally complex that plaintiff is unable to present his claims or investigate the facts of this case without the assistance of counsel. In addition, plaintiff's *pro forma* motion and affidavit state simply that he is "unable to pay a reasonable attorney fee" and that he has "made diligent efforts to obtain legal counsel" but has been unsuccessful "because of [his] poverty." Plf's Motion, #4, p. 1. Although plaintiff has been granted *in forma pauperis* status, that does not necessarily mean that he cannot obtain legal counsel. Some attorneys who specialize in employment discrimination matters do so on a contingency-fee basis, which requires little or no initial payment, and plaintiff has not explained what efforts he has made to retain an attorney. Therefore, the Court finds that appointment of counsel is not warranted at this time and will deny plaintiff's motion without prejudice. *See Maxwell*, 2012 WL 996651 at *7.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel, #4, is **DENIED** without prejudice

Dated this ___21st___ day of June, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE