**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **DALE DAKOTA WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )        **No. 1:12-cv-85 SNLJ** |
| | ) |
| **DUCKETT TRUCK CENTER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff filed his complaint against his former employer, Duckett Truck Center, and individuals Gene Russom and Megan Looney, on May 24, 2012, claiming that the defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12010 *et seq.* ("ADA"), and the Missouri Human Rights Act, § 213.055 R.S.Mo. ("MHRA") when Duckett Truck Center terminated plaintiff's employment.

Defendants Russom and Looney have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (#17). The plaintiff has not responded, and the time for doing so has passed.

Defendants move to dismiss plaintiff's 42 U.S.C. § 1983 claim for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil 12(b)(1) and 12(b)(6), respectively.

**I.     Legal Standard**

The same standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6). *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).  Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)

(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial

plausibility of a claim, the Court must "accept the allegations contained in the complaint as true

and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v.*

*Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  Finally, where a court can infer from those factual

allegations no more than a "mere possibility of misconduct," the complaint must be dismissed.

*Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).  With these principles in mind, the Court turns to the

discussion.

## II.    Discussion

Plaintiff claims that he had been employed by Duckett Truck Center for six months when

the owner encountered him working and inquired about plaintiff's hand.  Plaintiff explained his

hand was disfigured due to cerebral palsy.  Plaintiff claims that, shortly thereafter, he was fired

with no explanation, and the defendants told him they did not have to explain their reasons for

firing him.  Plaintiff filed claims with the Equal Employment Opportunity Commission and the

Missouri Commission on Human Rights, and both commissions issued him Right-to-Sue letters.

Plaintiff named Duckett Truck Center, his supervisor, and a human resources manager as

defendants.

### A.    ADA Claims

The ADA imposes liability on "employers," which "means a person engaged in an

industry affecting commerce who has 15 or more employees for each working day in each of 20

or more calendar weeks in the current or preceding calendar year, and any agent of such

person...." 42 U.S.C. § 12111(5) (2009).  Plaintiff seeks to impose liability on defendants

Russom (plaintiff's former supervisor) and Looney (a human resources manager).  Plaintiff

correctly states that the Eighth Circuit has not specifically ruled on whether individual liability exists under the ADA.  However, in *Alsbrook v. City of Maumelle*, the Eighth Circuit held that Title II of the ADA does not permit individual liability, and that Court then observed that, with respect to Title I (the Title at issue here), "three [Circuits] have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." 184 F.3d 999, 1005 n.8 (8th Cir. 1999).  Moreover, this Court has repeatedly held that individuals are not liable under the ADA. *See, e.g.*, *Ebersole v. Novo Nordisk, Inc.*, 1:11CV25-SNLJ, 2011 WL 6115655, at *1 (E.D.Mo. Dec. 8, 2011); *McCann v. New World Pasta Co.*, No. 4:10cv1694-CDP, 2010 WL 4180717 (E.D. Mo., Oct. 20, 2010); *Donnelly v. St. John's Mercy Medical Center*, No. 4:08cv347-CAS, 2008 WL 2699859 (E.D. Mo. June 30, 2008); *Stevenson v. Best Buy Corp.*, No. 4:03cv1188-RWS, 2005 WL 3434770 (E.D. Mo. Dec. 14, 2005).  Plaintiff's ADA claims against the individual defendants will be dismissed.

### B.    MHRA Claims

Defendants argue that the MHRA claims against them fail for two reasons: first, because plaintiff failed to fully exhaust his administrative remedies against them, and second, because he failed to state a claim against them for which relief can be granted.

#### 1.    Administrative remedies

To commence a lawsuit under the MHRA, the plaintiff party must first fully exhaust his or her administrative remedies with the Missouri Commission on Human Rights (the "Commission") by timely filing an administrative complaint and either adjudicating the claim through the Commission or obtaining a notice of right to sue. *Tart v. Hill Behan Lumber*, 31 F.3d 668, 671 (8th Cir. 1994); § 213.075. R.S.Mo.  The claimant's administrative complaint

must "state the name and address of the person alleged to have committed the unlawful discriminatory practice." § 213.075(1) R.S.Mo. The Commission shall issue to the claimant "a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint." § 213.111 R.S.Mo. Here, the plaintiff's Charge of Discrimination filed with the Commission identifies only Duckett Truck Center. It does not identify either of the individual defendants Russom or Looney as respondents. The plaintiff's Right to Sue letter similarly fail to identify either Russom or Looney (Looney, as human resources manager, however, is copied on the letter).

The failure to name an individual respondent in a charge of discrimination will not foreclose a subsequent lawsuit against that individual if there exists a "substantial identity of interest" between the individual(s) sued and the named respondent in the underlying charge. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. banc 2009). The Missouri Supreme Court held that, when determining whether sufficient identity of interest exists, courts should consider "numerous factors," including

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the...complaint; 2) whether, under the circumstances, the interests of a named [respondent] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the... proceedings; 3) whether its absence from the ... proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-70 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)). The third factor cited by the Missouri Supreme Court is important, as that Court held

that "the failure to make [a supervisor] a party at the administrative action before the EEOC or [MHRC] will bar suit against him only if it resulted in prejudice."  277 S.W.3d at 662.

Defendants Russom and Looney argue that there is no substantial identity of interest between Duckett Truck Center and either of them.  The Court agrees that both individual defendants' roles would have been obvious to the plaintiff before he filed his charge with the Commission.  However, for purposes of voluntary conciliation and compliance, their specific inclusion in the original charge was unnecessary because the goals of giving notice and providing an avenue for compliance have been met.  Defendants state that they never represented to plaintiff that "their relationship is to be through defendant Duckett Truck Center," but it seems clear from plaintiff's allegations that he viewed both individual defendants as being indistinguishable from him employer.  *See, e.g.*, *Speraneo v. Zeus Technology, Inc.*, No. 4:12cv578-JAR, 2012 WL 2885592, at *6 (E.D.Mo. July 13, 2012).  In particular, plaintiff states that he was actually fired by defendant Russom, that Russom told plaintiff he could not tell plaintiff why he was fired, that Russom told plaintiff that plaintiff would have to ask Looney, and that Looney told plaintiff they did not have to give him a reason for his dismissal.   From those allegations, it is reasonable to infer that plaintiff did believe his relationship with Russom and Looney was through his employer.  Moreover, plaintiff's actual charge with the Commission contains the same basic information as does his complaint, thus it refers to events that directly involve Russom and Looney, and the identity of interest between Duckett Truck Center and the individual defendants has been established.  *See e.g.*, *id.*

Finally, with respect to prejudice, defendants contend that they were prejudiced because they were not offered the opportunity to present their position regarding any individual claims to

the Commission.  But that argument directly contradicts the contents of plaintiff's complaint, in which he alleges that Russom and Looney were "questioned by the [Commission]" and that they "submitted fraudulent Employee Consultation Reports to cover up the actual reason that I was let go."  (#1 at p. 4-5.)  Any "individual claims" would have related directly to the actions about which the plaintiff had complained, which were investigated by the Commission, and about which Russom and Looney were questioned.  Defendants Russom and Looney thus were not prejudiced by plaintiff's failure to specifically name them in his charge with the Commission.

The *Hill* factors weigh in favor of Russom and Looney having had an identity of interest with their employer.  Their motion to dismiss the MHRA claims against them fails on this point.

## 2.      Failure to State a Claim

Defendants further contend that the claims against them should be dismissed because plaintiff has failed to state a claim for discrimination under the MHRA against either of them.  To establish a case of discrimination under the MHRA, a plaintiff must allege: (1) that the defendant engaged in some discriminatory act; (2) that the plaintiff's disability was a contributing factor for the defendant's actions; and (3) that as a direct result of defendant's conduct as alleged, the plaintiff suffered damages.  *Medley v. Valentine Radford Communications*, 173 S.W.3d 315, 320 (Mo. Ct. App. 2005) (citing Missouri Approved Jury Instructions (Civil), 31.26 6th Ed.).  Defendants acknowledge that plaintiff filed his complaint *pro se*, and as such he is entitled to a "liberal reading" of his claim: "mere vagueness in a *pro se* claim should not sound the death knell for the plaintiff's discrimination allegation."  *Shannon v. Ford Motor Company*, 72 F.3d 678, 685 (8th Cir. 1996) (quoting *Pickney v. American Dist. Telegraph Co. of Ark.*, 568 F. Supp. 687, 690 (E.D.Ark.1983)).  However, as defendants point out, "there is a difference between

-7-

liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply

was not made." *Shannon*, 72 F.3d at 685 (internal quotation and citation omitted).

Here, defendants Russom and Looney argue that plaintiff's allegations against them do

not suffice to state a claim of discrimination.  As noted above, plaintiff alleges that —

- he was actually fired by defendant Russom

- Russom told plaintiff he could not tell plaintiff why he was fired,

- Russom told plaintiff that plaintiff would have to ask Looney

- plaintiff contacted Looney several times seeking an explanation

- Looney finally told plaintiff they did not have to give him a reason for his dismissal

- when questioned by the Commission, Russom and Looney fabricated their "Employee Consultation Reports to cover up the actual reason [he] was let go."

Defendants suggest that plaintiff's real claim is against their employer's owner, because plaintiff

alleges "it is my belief that Paul Duckett did not a like a person with a disability and told them to

let me go."  Defendants thus liken themselves to mere messengers of discrimination.  However,

that argument fails to account for plaintiff's allegation that Russom and Looney "covered up" the

discrimination with their "fraudulent" reports to the Commission.  Even if Russom and Looney

were acting at their boss's behest, the MHRA clearly states that it is unlawful "[f]or an employer,

because of the ... disability of any individual ... to discharge any individual because of such

individual's disability."  § 213.055(a)(1) R.S.Mo.  "Employer" is defined as "any person

employing six or more persons within the state, *and any person directly acting in the interest of*

*an employer*."  § 213.010(7) R.S.Mo. (emphasis added).  Taken as a whole, plaintiff's

allegations, although inartful, meet the pleading standards require of him because, by the terms of

the statute itself, Russom and Looney are alleged to have "discharged [plaintiff] because of [his] disability," and they were "directly acting in the interest of an employer."  Therefore, defendants' motion to dismiss this count is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Gene Russom and Megan Looney's motion to dismiss (#17) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the plaintiff's claims against defendants Russom and Looney arising under the Americans with Disabilities Act are DISMISSED, and the case will proceed on plaintiff's claims under the MHRA against all defendants.

Dated this __31st__ day of January, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE